# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 03-04062-01-CR-C-NKL |
| ) | |
| RONALD BYRD HUDSON, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

## ORDER

Before the Court is Defendant Ronald Byrd Hudson's *pro se* motion for modification of sentence [Doc. # 46]. For the following reasons, the Court denies the motion.

On March 7, 2005, Hudson pleaded guilty to a single count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). On June 16, 2005, Hudson was sentenced to 120 months' imprisonment, which was on the low end of the 120-150 month range provided for by the Sentencing Guidelines.

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011). But Hudson has argued that his sentence should be reduced under 28 U.S.C. 3582(c)(2), which allows the Court to modify a sentence under three circumstances. First, the Court may modify a sentence upon motion by the Director of

the Bureau of Prisons where certain other criteria are met. 18 U.S.C. 3582(c)(1)(A)(i)-(ii). Hudson has not argued that the Director made such a motion, and there is no evidence on the record to support such an argument. Thus, Hudson is not entitled to a reduction in sentencing under this provision of the statute.

Second, the court may modify an imposed term of imprisonment "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." 18 U.S.C. 3582(c)(1)(B). To the extent Hudson argues he is entitled to a sentence reduction under Rule 35(a), he is mistaken. Rule 35(a) only provides relief for "clear error." Hudson has not argued that this has occurred and such an argument would not be persuasive if made. Furthermore, a sentence may only be reduced under Rule 35(b) upon the government's motion. FED. R. CRIM. P. 35(b). Although Hudson references "downward departure U.S.S.G. 5k2.0" as a basis for reduction [Doc. # 48 at 2], the Government has not filed a motion for downward departure based on substantial assistance. [Doc. # 47 at 2]. Accordingly, Hudson is not eligible for downward departure.

Third, under 18 U.S.C. 3582(c)(2), had Hudson been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission...the court may reduce the terms of imprisonment, after considering the factors set forth in section 3553(a)." Hudson does not point to an action by the Sentencing Commission that lowered the sentencing range applied to him at his initial sentencing, as required by the plain text of this statute. Rather, Hudson emphasizes that his case preceded the Supreme

Court's decision in *Booker*, which rendered the Guidelines advisory, and which Hudson argues amended the Sentencing Guidelines to retroactively reduce his Guidelines range. *See United States v. Booker*, 543 U.S. 220 (2005). In any case, the Supreme Court has held that the remedial aspects of *Booker* do not apply to sentence reductions under § 3582(c)(2). *Dillon v. United States,* 130 S. Ct. 2683, 2693 (2010).

Hudson is thus not entitled to a modification of sentence under any of the limited circumstances provided for in § 3582(c)(2). Because the Court is not authorized to modify Hudson's sentence under § 3582(c)(2), the Court need not consider whether Hudson's participation in the 500 Hour Drug Treatment Program weighs in favor of sentence reduction as a § 3553(a) factor. *See Dillon*, 130 S. Ct. at 2691-92. Because Hudson has not pointed to another source of authority for the Court to modify his sentence, the Court need not consider whether there are grounds for a departure under U.S. Sentencing Guidelines Manual § 5k2.0.

For the foregoing reasons, it is hereby ORDERED that Defendant Hudson's Motion for modification of sentence [Doc. # 46] is DENIED.

    s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: March 20, 2012
Jefferson City, Missouri